UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JANET CLARKE,

                                     Plaintiff,                     **COMPLAINT**

                  -against-

                                                      **Case No.**

THE CITY OF NEW YORK; NYPD OFFICER ARISMENDI D.
PAULINO; NYPD MEMBERS JOHN DOES 1-8; TRUSTEES OF
ST. PATRICK'S CATHEDRAL; ARCHDIOCESE OF NEW YORK;
AND ST. PATRICK'S CATHEDRAL SECURITY OFFICER JOHN
DOE 9,

                                   Defendants.

-------------------------------------------------------------------------------X

        Plaintiff JANET CLARKE, by and through her attorneys, COHEN&GREEN P.L.L.C.

and GIDEON ORION OLIVER, hereby complains of Defendants as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action pursuant to 42 U.S.C. § 1983, the Fourth and Fourteenth
   Amendments to the United States Constitution, and New York State and City law.

2. This Court has jurisdiction over the claims herein pursuant to 28 U.S.C. §§ 1331, 1343,
   and 1367, and 42 U.S.C. § 1983.

3. Venue is proper pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New
   York, where Plaintiff Clarke resides, Defendant City of New York has offices, and all the
   actions complained of herein occurred.

## GENERAL MUNICIPAL LAW COMPLIANCE

4. Plaintiff timely served a Notice of Claim on the Office of the Comptroller of the City of
   New York and complied with all conditions precedent to commencing an action under
   state law.

1

5.  At least thirty days have elapsed since service of Plaintiff's Notice of Claim and adjustment and payment thereof has been neglected or refused.

6.  This action has been initiated within one year and ninety days of the accrual of Plaintiff's claims pursuant to New York state law.

## PARTIES

7.  At all times mentioned herein, Plaintiff JANET CLARKE (Ms. Clarke; she/her) was a resident of Bronx County in the City and State of New York.

8.  At all relevant times mentioned herein, Defendant City of New York was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

9.  At all relevant times mentioned herein, Defendant Trustees of St. Patrick's Cathedral was and is a religious corporation, duly organized and existing under and by the laws of the State of New York and acts by and through its employees and agents.

10. At all relevant times mentioned herein, Defendant Archdiocese of New York was and is a nonprofit organization, duly organized and existing under and by the laws of the State of New York and acts by and through its employees and agents.

11. Defendant Trustees of St. Patrick's Cathedral and Defendant Archdiocese of New York manage, operate, and control St. Patrick's Cathedral, which is located at 5th Avenue between 50th and 51st Streets, New York, NY 10022, which includes participating in and/or overseeing hiring decisions and security training.

12. Upon information and belief, at all relevant times herein, Defendant Trustees of St. Patrick's Cathedral and Defendant Archdiocese of New York employed individuals, including Defendant Doe 9, for the purpose of providing security services on-premises at the Cathedral.

13. At all relevant times mentioned herein, NYPD Officer Arismendi D. Paulino was assigned Shield No. 2601, NYPD Tax Registration No. 951019, and Command Midtown North Precinct. Defendant Paulino participated in arresting and assaulting Plaintiff, as detailed below. Defendant Paulino was Plaintiff's arresting officer. Defendant Paulino ignored Plaintiff's requests to have her handcuffs loosened and did not help alleviate her suffering from the too-tight and painful cuffs.

14. Plaintiff does not currently know the names of Doe Defendants 1-9, but upon information and belief, their names are known to Defendants.

15. Plaintiff only has the following descriptions:

    a. NYPD Member Does 1-8 all wore NYPD uniforms and were employed by the City of New York as members of the NYPD.

        i. Does 1-4 were on scene at St. Patrick's Cathedral and assisted in arresting Plaintiff, using a disproportionately large amount of force while placing her under arrest and in handcuffs.

        ii. Does 5-8 were present at the 18th Precinct and ignored Plaintiff and/or failed to intervene when she clearly, verbally complained to them about the severe pain and discomfort she felt in her visibly injured wrist while police officers left her handcuffed to a railing at the precinct for hours.

3

b. John Doe 9 is, upon information and belief, employed as a private security officer at St. Patrick's Cathedral. He appears to be a white male. On the date of the incident described herein, he wore a dark-colored suit.

16. Each individual Defendant is sued in his or her individual and official capacities.

17. The Defendant NYPD members are individuals who used excessive force without justification while unlawfully arresting and/or detaining Plaintiff in violation of her constitutional rights.

18. At all times hereinafter mentioned, the City Defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

19. Each and all of the acts and omissions of the NYPD Defendants alleged herein occurred while said Defendants were acting within the scope of their employment by the Defendant City.

20. The NYPD Defendants were duly appointed and acting officers, servants, employees, and agents of Defendant City who were acting for, and on behalf of, and with the power and authority vested in them by Defendant City, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties.

21. Defendants were each and all responsible, in whole and/or in part, for the planning for and/or creation, promulgation, implementation, and/or enforcement of the unconstitutional policies, practices and/or customs complained of herein, and/or

condoned, acquiesced in, adopted, and/or approved of the same, through their acts and/or failures to act, as set forth more fully below.

22. At all times relevant herein, as set forth more fully below, Defendants' actions and/or failures to act were malicious, intentional, knowing, and/or with a deliberate indifference to or a reckless regard for the natural and probable consequences of their acts and/or omissions.

23. Although there was a reasonable opportunity to do so, at no time did any of the Defendants, or any other member of the NYPD, take any steps to intervene in, prevent, or otherwise limit the unconstitutional conduct engaged in by their fellow officers.

## STATEMENT OF FACTS

24. Plaintiff is a petite retired 55-year-old New Yorker who spends her free time caring for her dogs, volunteering in her community, and creating visual art.

25. On July 27, 2025, Plaintiff was attending a demonstration outside St. Patrick's Cathedral, located on 5th Avenue between 50th and 51st Streets in Manhattan, called "Baby Shoes," which is a collaborative effort meant to bring attention to the Gazan children killed during the genocide and urge the Catholic Church to condemn the ongoing violence.

26. Around 11:15 a.m., Plaintiff was recording a person engaging in verbal protest inside St. Patrick's.

27. Defendant Doe 9 approached Plaintiff and snatched her phone from her hands.

28. Several NYPD members were standing nearby and did nothing to help Plaintiff, even after she asked for help retrieving her phone from Doe 9.

5

29. Doe 9 then aggressively grabbed Plaintiff's left wrist, manipulating Plaintiff's left arm and wrist into a painful wrist-lock position, and pushed her up against a wall, while attempting to kick Plaintiff's legs out from under her.

30. That is when the NYPD members, including NYPD Defendants Paulino and Does 1-4, who were still hovering nearby, closed in on Plaintiff.

31. Defendant Paulino and/or Does 1-4 pulled Plaintiff's arms behind her back and locked metal handcuffs around her wrists.

32. Plaintiff felt excruciating pain in her left wrist, which was obvious from looking at her wrist in addition to hearing her complaints, but Defendants Paulino and Does 1-4 did nothing to alleviate the tightness of the cuffs.

33. At least three NYPD members, two who appeared to be male and one who appeared to be female, held onto Plaintiff and escorted her to a marked NYPD vehicle before opening the door and putting Plaintiff in the backseat.

34. Defendants then drove Plaintiff to the 18th precinct for processing.

35. At the precinct, no officer removed Plaintiff's handcuffs despite her repeated complaints.

36. Instead, officers handcuffed Plaintiff to a railing next to a bench for around seven hours.

37. At the precinct, all of Plaintiff's requests for her handcuffs to be loosened and all of her attempts to get help for her injuries were ignored and/or denied, including by Defendant Paulino and Does 5-8.

38. While in custody, Plaintiff asked NYPD members several times to be allowed to call an attorney, but her requests were ignored and/or denied.

39. Plaintiff was eventually transported to Central Booking around approximately 7:00 p.m., where her cuffs were finally removed.

40. Plaintiff was released from custody without charges around 3:00 a.m. on July 28, 2025.

41. Plaintiff spent approximately 16 hours in NYPD custody.

42. The Defendants' conduct directly and proximately caused severe physical and emotional injury to Plaintiff, including but not limited to, injuries to her left arm, left elbow, left wrist, and left hand.

43. Specifically, Defendant Doe 9 and the NYPD Member Defendants injured Plaintiff when they put her into a wrist-lock, pushed her up against a wall, handcuffed her too tightly, and forced her to remain handcuffed to a railing for several hours, all of which ultimately required her to undergo surgery on her left wrist and left elbow, in addition to attending months of physical therapy.

## FIRST CLAIM FOR RELIEF

### *N.Y.C. Admin. C. §§8-801 et seq., "Qualified Immunity Repeal" Claims Against All City Defendants*

44. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

45. The New York City Administrative Code §8-803 provides as follows in relevant part:

    a. "A covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable to the person aggrieved for legal or equitable relief or any other appropriate relief."

    b. "The employer of a covered individual who, under color of any law, ordinance, rule, regulation, custom or usage, subjects or causes to be subjected, including through failure to intervene, any other natural person to the deprivation of any right that is created, granted or protected by section 8-802 is liable, based upon the conduct of such covered individual, to the person aggrieved for legal or equitable relief or any other appropriate relief."

7

c. "A person aggrieved may make a claim pursuant to subdivision a of this section in a civil action in any court of competent jurisdiction by filing a complaint setting forth facts pertaining to the deprivation of any right created, granted or protected by section 8-802 and requesting such relief as such person aggrieved considers necessary to insure the full enjoyment of such right."

46. Given the fact that a "covered individual" under §8-801 means "[any] employee of the police department," the Individual NYPD Member Defendants are all considered covered individuals. §8-801.

47. Plaintiff is a "person[s] aggrieved" because they were (at minimum) "allegedly subjected to, or allegedly caused to be subjected to, the deprivation of a right created, granted, or protected by §8-802 by a covered individual even if the only injury allegedly suffered by such natural person is the deprivation of such right." *Id.*

48. Defendant City is liable as an employer, as set out above.

49. Defendants' uses of force against Plaintiff were unjustified, unlawful, and objectively unreasonable, considering the facts and circumstances before Defendants.

50. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

51. Further, it is not a defense to liability under §§8-801 *et seq.* that a covered individual has qualified immunity or any other substantially equivalent immunity.

52. Thus, the Court should award both compensatory and punitive damages against all parties (including the City), and all reasonable fees and court expenses pursuant to §8-805 of the Administrative Code.

## SECOND CLAIM FOR RELIEF
### Unlawful Seizure / False Arrest

8

*Pursuant to 42 U.S.C. § 1983 for Violations of Plaintiff's' Rights Under the Fourth and Fourteenth Amendments to the United States Constitution Against Defendant NYPD Officer Paulino and Defendant NYPD Member Does 1-8*

53. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

54. Defendants' seizure of Plaintiff herein was done without any judicial warrant authorizing them to seize Plaintiff, was unreasonable, and was done without privilege or lawful justification.

55. Plaintiff did not consent and was conscious of her confinement by Defendants.

56. Defendants did not have individualized probable cause to seize, detain, or arrest Plaintiff.

57. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

58. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## THIRD CLAIM FOR RELIEF

### Excessive Force

*Pursuant to 42 U.S.C. § 1983 for Violations of Plaintiff's Rights Under the Fourth and Fourteenth Amendments to the United States Constitution Against Defendant City, Defendant NYPD Officer Paulino, and Defendant NYPD Member Does 1-8*

59. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

60. Defendants used types and levels of force that were excessive and unnecessary force against Plaintiff.

61. The uses of force against Plaintiff were in contravention of, or inconsistent with, related, written NYPD policies and/or training.

62. Defendants used force that they knew, or should have known, would negatively impact Plaintiff, and/or cause lasting pain, suffering, and/or injury, without making individualized or otherwise appropriate determinations about whether these uses of force were necessary, justified, or reasonable under these circumstances.

63. Defendants' uses of force against Plaintiff were unjustified and objectively unreasonable, taking into consideration the facts and circumstances that confronted Defendants.

64. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

65. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## FOURTH CLAIM FOR RELIEF

### Due Process

*Pursuant to 42 U.S.C. § 1983 for Violations of Plaintiff's Rights Protected Under the Fourth and Fourteenth Amendments to the United States Constitution Against Defendant City, Defendant NYPD Officer Paulino, and Defendant NYPD Member Does 1-8*

66. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

67. As discussed elsewhere herein, Defendant City, including by its officials designed and/or implemented policies and practices pursuant to which those Defendants who ordered, effected, and otherwise participated in seizing and/or retaining Plaintiff's property and/or

detaining Plaintiff in the conditions as described subjected Plaintiff to the violations of her Due Process rights.

68. As a result of Defendants' acts and omissions, Defendants deprived Plaintiff of her federal, state, and/or other legal rights; caused Plaintiff bodily injury, pain, suffering, psychological and/or emotional injury, and/or humiliation; caused Plaintiff to expend costs and expenses; and/or otherwise damaged and injured Plaintiff.

69. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### FIFTH CLAIM FOR RELIEF

*Violations of Plaintiff's Rights Protected Under New York City Administrative Code § 8-802 Against Defendant City, Defendant NYPD Officer Paulino, and Defendant NYPD Member Does 1-8*

**Deprivation of Rights**

70. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

71. The acts of the Defendant NYPD Members, performed while in uniform, constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and of the New York City Police Department.

72. The acts of the Defendant NYPD Members caused Plaintiff to be deprived of her rights, as they are granted and guaranteed to her by N.Y.C. Admin. Code §§ 8 – 802, to be secure in her person against unreasonable search and seizure.

73. The acts of the Defendant NYPD Members caused Plaintiff to be deprived of her rights, as they are granted and guaranteed to her by N.Y.C. Admin. Code §§ 8 – 802, to be

11

secure in her person against the use of excessive force in connection with Defendants' search and seizure of Plaintiff.

74. As a result of the foregoing, Plaintiff was deprived of her liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to feel unwell during the arrest processing, and suffered embarrassment and pain and suffering during and due to her arrest.

75. As a result of the above conduct, the City of New York is liable, under New York City Administrative Code § 8-803(b) and under the doctrine of *respondeat superior*, for the conduct of the Defendant NYPD Members, and for any damages the Defendant NYPD Members caused by and through their conduct.

76. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SIXTH CLAIM FOR RELIEF

*Violation of Plaintiff's Rights Protected Under New York City Administrative Code § 8-803 Against Defendant NYPD Officer Paulino and Defendant NYPD Member Does 1-8*

### Failure To Intervene

77. Plaintiff repeats and realleges the foregoing paragraphs as if the same were fully set forth at length herein.

78. The acts of all the Defendant NYPD Members constituted conduct under color of the laws of the State of New York, under color of the laws, rules, and regulations of the City of New York, and under color of the customs and usages of the City of New York and of the New York City Police Department.

79. The failure of the Defendant NYPD Members to intervene while other Defendants seized, searched, and arrested Plaintiff caused her to be deprived of her rights as they are granted

12

and guaranteed to her by N.Y.C. Admin. Code §§ 8 – 802, to be secure in her person against the use of excessive force in connection with Defendants' searches and seizures of Plaintiff.

80. As a result of the foregoing, Plaintiff was deprived of her liberty, was denied fundamental constitutional rights, was publicly embarrassed and humiliated, was caused to suffer severe emotional distress, was caused to feel unwell during the arrest processing, and suffered embarrassment and pain and suffering during and due to her arrest.

81. As a result of the above conduct, the City of New York is liable, under New York City Administrative Code § 8-803(b) and under the doctrine of *respondeat superior*, for the conduct of the Defendant NYPD Members, and for any damages the Defendant NYPD Members caused by and through their conduct.

82. The unlawful conduct of Defendants was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## SEVENTH CLAIM FOR RELIEF

### Municipal Liability

***Pursuant to 42 U.S.C §1983 and Monell v. Department of Social Services, 436 U.S. 658 (1978) for Violations of Plaintiffs' Rights Under the Fourth Amendment and Fourteenth Amendments to the United States Constitution Against Defendant City***

83. Plaintiff incorporates by reference all the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

84. The facts as pleaded above describe the policies, practices, and customs Defendants subjected Plaintiff to, including, but not limited to, uses of excessive force and violations of due process.

85. All of the wrongful acts or omissions complained of herein were carried out by the individual named and unnamed police officer defendants pursuant to: (a) formal policies, rules, and procedures of Defendant City; (b) actions and decisions by Defendant City's policymaking agents; (c) customs, practices, and usage of the NYPD that are so widespread and pervasive as to constitute *de facto* policies accepted, encouraged, condoned, ratified, sanctioned, and/or enforced by Defendant City and other policymaking officials; (d) Defendant City's deliberate indifference to Plaintiff's rights secured by the Fourth and Fourteenth Amendments of the United States Constitution, as evidenced by the City's failures, and the failures of the City's policymaking agents, to train, supervise, and discipline NYPD officers, despite full knowledge of the officers' wrongful acts, as described herein.

## EIGHTH CLAIM FOR RELIEF

### *Violations of New York State Law Pursuant to the New York State Constitution and New York State Common Law Against All Defendants*

86. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

87. The conduct of the NYPD members alleged herein occurred while they were on duty and/or in and during the course and scope of their duties and functions as police officials, and/or while they were acting as agents and employees of Defendant City, clothed with and/or invoking state power and/or authority, and, as a result, Defendant City is liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

88. The conduct of John Doe 9 alleged herein occurred while he was on duty and/or in and during the course and scope of his duties and functions as a security officer, and/or while he was acting as an agent and employee of St. Patrick's Cathedral, clothed with and/or

14

invoking institutional power and/or authority, and, as a result, Defendants Trustees of St. Patrick's Cathedral and the Archdiocese of New York are liable to Plaintiff pursuant to the state common law doctrine of *respondeat superior*.

89. The acts and conduct of Defendants were the direct and proximate cause of injury and damage to Plaintiff and violated her statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

90. As a result of the foregoing, Plaintiff was deprived of her liberty, suffered specific and serious bodily injury, pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and was otherwise damaged and injured.

## Violations of the New York State Constitution

### *Against Defendant City, Defendant NYPD Officer Paulino, and Defendant NYPD Member Does 1-8*

91. Defendants, acting under color of law, violated Plaintiff's rights pursuant to Article I, §§ 6, 11, and 12 of the New York State Constitution.

92. A damages remedy here is necessary to effectuate the purposes of Article I, §§ 6, 11, and 12 of the New York State Constitution, and appropriate to ensure full realizations of Plaintiff's rights under those sections.

## Assault

### *Against Defendant NYPD Officer Paulino, Defendant NYPD Member Does 1-4, and Defendant Doe 9*

93. Defendants committed assault within the meaning of New York common law against Plaintiff by intentionally placing Plaintiff in fear of imminent harmful or offensive contact.

94. Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### Battery

#### *Against Defendant NYPD Officer Paulino, Defendant NYPD Member Does 1-4, and Defendant Doe 9*

95. Defendant Officer Paulino, Defendant John Does 1-4, and Defendant John Doe 9 committed battery within the meaning of New York common law against Plaintiff by intentionally subjecting Plaintiff to an offensive touching without her consent.

96. Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### False Imprisonment and Unreasonable Detention

#### *Against Defendant NYPD Officer Paulino, Defendant NYPD Member Does 1-8, and Defendant Doe 9*

97. By the actions described above, the individuals described above did falsely arrest and/or imprison Plaintiff within the meaning of New York common law without reasonable or probable cause, illegally and without a written warrant, and without any right or authority to do so.

98. Plaintiff was conscious of the confinement, and it was without her consent.

99. Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

### Intentional and Negligent Infliction of Emotional Distress

#### *Against Defendant NYPD Officer Paulino, Defendant NYPD Member Does 1-8, and Defendant Doe 9*

100.  Plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

16

101. By the actions described above, Defendants engaged in extreme and outrageous conduct, which intentionally and/or negligently caused severe emotional distress to Plaintiff.

102. Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

**Negligence**

*Against All Defendants*

103. Plaintiff incorporates by reference the allegations set forth in all preceding and following paragraphs as if fully set forth herein.

104. Upon information and belief, Defendant City supervised and trained the police officials described above as Defendant Does 1-8.

105. Upon information and belief, Defendant Trustees of St. Patrick's Cathedral and Defendant Archdiocese of New York supervised and trained Defendant Doe 9.

106. Defendants had a duty to ensure the safety of Plaintiff and others who visit its facilities in person by providing adequate security services, as well as by ensuring that its agents and employees, including its security officers, are adequately trained, supervised, and disciplined.

107. Defendants owed Plaintiff a duty of care in connection with the operation of St. Patrick's Cathedral.

108. Defendants' breaches of that duty directly and proximately caused Plaintiff to sustain physical and emotional injury, pain and suffering, and/or otherwise damaged and injured Plaintiff.

109. Defendants' unlawful conduct was willful, malicious, oppressive, and/or reckless, and was of such a nature that punitive damages should be imposed against them.

## DEMAND FOR A JURY TRIAL

110. Plaintiff hereby demands a jury trial of all issues capable of being determined by a jury.

## DEMAND FOR JUDGMENT

111. WHEREFORE, Plaintiff demands judgment against Defendants as follows:

   a. Actual and punitive damages in amounts to be determined at trial against the individual Defendants, Defendant Trustees of St. Patrick's Cathedral, and Defendant Archdiocese of New York;

   b. Actual damages in an amount to be determined at trial against the City of New York, and punitive damages in an amount to be determined at trial pursuant to N.Y.C. Admin. C. § 8-805(1)(ii);

   c. Appropriate additional injunctive relief as may be determined at trial;

   d. Statutory attorney's fees, disbursements, and costs of the action pursuant to, *inter alia,* 42 U.S.C. § 1988, N.Y.C. Admin. L. § 8-805(2), and New York common law; and

   e. Such other relief as the Court deems just and proper.

Dated: Ridgewood, New York
       July 27, 2026

                                      **COHEN&GREEN P.L.L.C.**

                                      *Regina Yu*

                                      _____
                                      By:    Regina Yu
                                             Elena Cohen
                                             Remy Green
                                      1639 Centre Street, Suite 216
                                      Ridgewood (Queens), NY 11385
                                      t: (929) 888-9480
                                      f: (929) 888-9457
                                      regina@femmelaw.com

**GIDEON ORION OLIVER**

_[signature]_

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

_Attorneys for Plaintiff_

19