THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK , NEW YORK 10007

**STEVEN BANKS**
*Corporation Counsel*

**MARY O'FLYNN**
*Senior Counsel*
moflynn@law.nyc.gov
Phone: (212) 356-2352

September 4, 2026

**By ECF**
District Judge Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

Re: *Janet Clark v City of New York et. al.,* 26-CV-06391 (LGS)

Your Honor:

I am a Deputy Chief in the Special Federal Litigation Division of the New York City Law Department. I write on behalf of Defendant City of New York to respectfully request: (1) a sixty day enlargement of time from September 8, 2026 until November 9, 2026 to answer or otherwise respond to the complaint and (2) a corresponding adjournment of the initial conference currently scheduled for September 15, 2026 at 3:30 p.m. until a date after the City has responded to the complaint. I have conferred with Plaintiff's counsel who consents to both of these requests.

The complaint alleges, *inter alia,* that plaintiff was falsely arrested at Saint Patrick's Cathedral after recording another person engaged in a verbal protest inside the Cathedral. Plaintiff alleges she was subjected to excessive force by Cathedral security personnel and members of the NYPD. She further alleges she was taken to a local NYPD Precinct followed by Central Booking but released without charges after sixteen hours in custody.

In accordance with this office's obligations under Rule 11 of the Federal Rules of Civil Procedure, we will need time to investigate the allegations set forth in the complaint. Because of the nature of the allegations we will need an unsealing release, pursuant to New York Criminal Procedure Law § 160.50, in order to obtain any underlying NYPD records. We will also need medical releases to obtain any medical records. Once the unsealing releases are received it will take some time to request, obtain and review the records.

Furthermore, the docket reflects that an individually named NYPD defendant has also been recently served. Without making any representations with respect to the sufficiency of service, the enlargement of time will allow this office to determine if service was proper. It will also permit this office time to resolve representation of the individually named defendant should he seek our representation. Pursuant to Section 50-k of the New York General Municipal Law, and based upon a review of those facts, this office must determine whether we may represent the individual defendant. See Mercurio v. The City of New York, et al., 758 F.2d 862, 864-65 (2d Cir. 1985) (quoting Williams v. City of New York, et al., 64 N.Y.2d 800, 486 N.Y.S.2d 918 (1985) (decision whether to represent individual defendants is made by the Corporation Counsel as set forth in state law)). The City also therefore respectfully requests the Court consider a *sua sponte* extension of time for the individually named NYPD defendant to respond to the complaint until the same date requested for the City, November 9, 2026.

In light of the above, defendant City respectfully requests that the Court: (1) extend its time to answer or otherwise respond to the complaint to November 9, 2026 and (2) adjourn the initial conference currently scheduled for September 15, 2026, and the associated pre-conference submissions, to a later date convenient to the Court after the City has filed a response to the complaint.

Thank you for your consideration of these request.

Respectfully submitted,

/s/*Mary O'Flynn*
Senior Counsel
Special Federal Litigation Division

cc: All counsel by ECF