THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**RANDY NANDLALL**
*Assistant Corporation Counsel*
Tel.: (212) 356-2356
Fax: (212) 356-3509
rnandlal@law.nyc.gov

September 9, 2026

**By ECF**
District Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

Re: *Janet Clarke v City of New York et. al.,* 26-CV-06391 (LGS)

Your Honor:

I am an Assistant Corporation Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York. I write on behalf of Defendant City of New York to respectfully request: (1) an adjournment of the Conference scheduled for September 15, 2026 at 3:30 p.m., (2) request that the deadline to submit a proposed case management plan be held in abeyance until after the Saint Patrick Cathedral defendants are brought into the case, and to submit (3) a joint letter below from plaintiff and the City of New York. The undersigned respectfully notes that he will be out of the office from September 11, 2026 and will return on September 21, 2026 and respectfully requests an adjournment of the conference. This is the second such request for an adjournment of the conference and plaintiff's counsel consents.

The Parties[1] in the above-captioned action, having conferred among themselves through counsel, hereby submit the following proposed joint letter:

[1] This submission is made jointly by counsel for Plaintiff and counsel for the City of New York. Two of the Defendant parties, namely, the Archdiocese of New York and the Trustees of St. Patrick's Cathedral, have not yet been served with the opening papers in this matter. Counsel for Plaintiff sent a process server to serve the opening papers on the two aforementioned Defendant parties at 1011 1st Ave, New York City, NY 10022, an address the process server has successfully utilized in the past to serve those two Defendant parties, however, this time he was sent away after being told to serve the papers directly on counsel at the law firm of Leahy Johnson, P.C. The process server was given an address at which to serve Leahy Johnson, but upon arrival, learned that the firm is no longer at that address. After further inquiries made by Plaintiff's Counsel to Leahy Johnson by phone and email, a partner at Leahy Johnson responded by email, informing Plaintiff's Counsel that 1) Leahy Johnson was in the process of moving addresses and 2) Leahy

**i. <u>Brief Statement of the Nature of the Case, Principal Claims and Defenses, and the Major Legal and Factual Issues that are Most Important to Resolving the Case</u>**

<u>Plaintiff's Statement</u>:

On July 27, 2025, New York City Police Department members arrested plaintiff Janet Clarke while she was participating in a protest demonstration at St. Patrick's Cathedral. Defendant NYPD members as well as a private security guard at St. Patrick's Cathedral employed unnecessary and excessive force against Ms. Clarke in the course of arresting her, causing severe and lasting injuries to her elbow and wrist and writing her up for charges that the Manhattan DA's office declined to prosecute. Ms. Clarke is suing for damages arising from her arrest as well as attorney's fees, costs, and expenses.

The claims pleaded in the Complaint include:

1. False arrest claims pursuant to 42 USC §1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States Constitution (Second Claim for Relief);

2. Excessive force claims pursuant to 42 USC § 1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States Constitution (Third Claim for Relief);

3. Due process claims pursuant to 42 USC § 1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States Constitution (Fourth Claim for Relief);

4. A municipal liability claim against Defendant City of New York under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Seventh Claim for Relief);

---

Johnson was not representing the Archdiocese or the Trustees in this matter, further redirecting Plaintiff's counsel to speak to a partner at Lewis Brisbois instead. Plaintiff's counsel then spoke to a partner at Lewis Brisbois by phone, who confirmed that she was authorized to accept service for the Archdiocese and the Trustees, although she was unsure whether Lewis Brisbois would ultimately represent the Archdiocese and the Trustees in this matter. Nonetheless, the partner instructed Plaintiff's Counsel to send the opening papers to her by email, which Plaintiff's counsel did. Following that, the partner at Lewis Brisbois then informed Plaintiff's counsel that she was actually not authorized to accept service, and directed Plaintiff's counsel to serve the Archdiocese and the Trustees at a Madison Avenue address, which has not yet been completed, but should be completed this week, barring further issues.

5. Claims arising from and pursuant to New York City Administrative Code §§ 8-801, *et seq.* against Defendants City, Paulino, and Does 1-8 (First and Fifth Claims for Relief); and

6. Claims arising from and related to the New York Constitution and/or New York law against all Defendants (Eighth Claim for Relief).

The parties do not agree about and each dispute the others' versions of the events leading up to Ms. Clarke's arrest and the nature and extent of her damages.

Defendant City's Statement:

Defendant City is in the process of investigating the allegations set forth in the complaint. Earlier today plaintiff's counsel provided our office with a release pursuant to New York Criminal Procedure Law 160.50, *et seq*., which we will use to request the NYPD records and any Criminal Court/District Attorney records related to this incident. Counsel also provided our office with a copy of a "decline to prosecute" letter from the Office of the District Attorney of New York County.

**ii. Subject-Matter Jurisdiction and Venue**

Plaintiff's Statement:

This Court has jurisdiction over this federal civil rights action brought under 42 U.S.C. §§ 1983 and 1988 seeking redress for violations of Plaintiff's rights under the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

Venue is proper pursuant to 28 USC 1391, et seq., in the Southern District of New York, where Plaintiff Clarke resides, Defendant City of New York has offices, and all the and omissions complained of herein occurred.

Defendant City's Statement:

Based on the allegations set forth in the complaint, Defendant City does not contest subject matter jurisdiction or venue.

**iii. Subject Matter Jurisdiction Based on Diversity of Citizenship**

Not applicable.

**iv. Motions**

There are no pending motions.

Plaintiff anticipates seeking discovery to identify the "Doe" Defendants as soon as possible.

**v. <u>Any Discovery That Has Already Taken Place</u>**

Plaintiff has provided counsel for Defendant City with a release pursuant to New York Criminal Procedure Law 160.50, *et seq*., as well as a "decline to prosecute" letter from the Office of the District Attorney of New York County.

No other discovery has been exchanged.

**vi. <u>Computation of Each Category of Damages Claimed</u>**

Plaintiff's damages include, but are not limited to, physical injuries suffered during the course of her arrest, loss of liberty in connection with her arrest and detention, and related emotional distress.

Plaintiff seeks compensatory and punitive damages flowing from Defendants' violations of Plaintiff's rights under applicable federal, state, and municipal law, in amounts to be fixed by a jury.

**vii. <u>Status of Settlement Discussions and Whether the Parties Would Like a Settlement Conference</u>**

<u>Plaintiff's Statement:</u>

No settlement discussions have yet taken place. Plaintiff would like a settlement conference.

<u>Defendant City's Statement:</u>

Defendant City would be interested in a settlement conference once it has had an opportunity to investigate the alleges set forth in the complaint.

**viii. <u>Any Other Information the Parties Believe May Assist the Court</u>**

None at this time.

Thank you for your consideration of these requests.

Dated: New York, NY
September 9, 2026

**OFFICE OF THE CORPORATION COUNSEL**

/s/ *Randy Nandlall*
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department
100 Church Street
New York, N.Y. 10007
(212) 356-2356
rnandlal@law.nyc.gov
Attorney for Defendant City

**COHEN&GREEN P.L.L.C.**

By: Regina Yu
Elena Cohen
Remy Green
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
f: (929) 888-9457
regina@femmelaw.com

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY 10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

*Attorneys for Plaintiff*

cc: All counsel by ECF