COHEN & GREEN

November 9, 2026

Hon. Lorna G. Schofield
United States District Judge
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

By Electronic Filing

Re: Clarke v. City of New York et al., 26-cv-06391-LGS

Your Honor:

I am co-counsel for Plaintiff Janet Clarke in the case above. I write jointly with counsel for all parties, as directed by the Court (*see* ECF 3 and 12), to provide the following information in advance of the initial pretrial conference on November 17, 2026:

**i. Brief Statement of the Nature of the Case, Principal Claims and Defenses, and the Major Legal and Factual Issues that are Most Important to Resolving the Case**

**Plaintiff's Statement:**

On July 27, 2025, New York City Police Department ("NYPD") members arrested Plaintiff Janet Clarke while she was participating in a protest demonstration at St. Patrick's Cathedral. Defendant NYPD members as well as a St. Patrick's security guard employed unnecessary and excessive force against Ms. Clarke in the course of arresting her, causing severe and lasting injuries to her elbow and wrist, and wrote her up for charges that the Manhattan DA's office declined to prosecute. Ms. Clarke is suing for damages arising from her arrest as well as attorney's fees, costs, and expenses.

The claims pleaded in the Complaint include:

1. False arrest claims pursuant to 42 USC §1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States Constitution (Second Claim for Relief);

2. Excessive force claims pursuant to 42 USC § 1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States Constitution (Third Claim for Relief);

3. Due process claims pursuant to 42 USC § 1983 against Defendants Paulino and Does 1-8 arising under the 4th and 14th Amendments to the United States

Constitution (Fourth Claim for Relief);

4. A municipal liability claim against Defendant City of New York under *Monell v. Department of Social Services*, 436 U.S. 658 (1978) (Seventh Claim for Relief);

5. Claims arising from and pursuant to New York City Administrative Code §§ 8-801, *et seq.* against Defendants City, Paulino, and Does 1-8 (First and Fifth Claims for Relief); and

6. Claims arising from and related to the New York Constitution and/or New York law against all Defendants (Eighth Claim for Relief).

The parties do not agree about and each dispute the others' versions of the events leading up to Ms. Clarke's arrest and the nature and extent of her damages.

**Defendant City's Statement:**

Defendant City is in the process of investigating the allegations set forth in the complaint. Plaintiff's counsel provided our office with a release pursuant to New York Criminal Procedure Law 160.50, *et seq*., which we will use to request the NYPD records and any Criminal Court/District Attorney records related to this incident. Counsel also provided our office with a copy of a "decline to prosecute" letter from the Office of the District Attorney of New York County.

**Church Defendants' Statement:**

The Church Defendants dispute Plaintiff's characterization of the incident. It is the Church Defendants' position that Plaintiff intentionally disrupted an ongoing religious ceremony at St. Patrick's Cathedral, caused a disturbance, and refused to leave the premises despite being directed to do so. Plaintiff also allegedly engaged in physical contact with Cathedral security personnel, the precise circumstances of which remain under investigation.

The Church Defendants maintain that their security personnel acted reasonably and appropriately in responding to Plaintiff's conduct and maintaining order and safety within the Cathedral. To the extent Plaintiff sustained any injuries, the Church Defendants dispute that such injuries resulted from any wrongful conduct by Cathedral personnel and contend that Plaintiff's own actions and/or NYPD caused or contributed to her alleged injuries.

The Church Defendants continue to investigate the circumstances surrounding the incident and reserve all applicable defenses.

ii. **<u>Subject-Matter Jurisdiction and Venue</u>**

**Plaintiff's Statement:**

This Court has jurisdiction over this federal civil rights action brought under 42 U.S.C. §§ 1983 and 1988 seeking redress for violations of Plaintiff's rights under the United States Constitution pursuant to 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

Venue is proper pursuant to 28 USC 1391, *et seq.,* in the Southern District of New York, where Plaintiff Clarke resides, Defendant City of New York has offices, and all the acts and omissions complained of herein occurred.

**Defendant City's Statement:**

Based on the allegations set forth in the complaint, Defendant City does not contest subject matter jurisdiction or venue.

**Church Defendants' Statement:**

The Church Defendants acknowledge that this Court has subject-matter jurisdiction over Plaintiff's federal claims against the City and NYPD Defendants and do not contest venue. However, the claims asserted against the Church Defendants arise exclusively under New York State law, and jurisdiction over those claims rests, if at all, on supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

**iii. <u>Subject Matter Jurisdiction Based on Diversity of Citizenship</u>**

Not applicable.

**iv. <u>Motions</u>**

There are no pending motions.

Plaintiff anticipates seeking discovery to identify the "Doe" Defendants as soon as possible.

**v. <u>Any Discovery That Has Already Taken Place</u>**

Plaintiff has provided counsel for Defendant City with a release pursuant to New York Criminal Procedure Law 160.50, *et seq*., as well as a "decline to prosecute" letter from the Office of the District Attorney of New York County.

No other discovery has been exchanged, although the Parties anticipate exchanging initial disclosures this week.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

**Church Defendants' Statement:**

The Church Defendants will serve their Answer and Initial Disclosures in accordance with the schedule established by the Court and will participate in discovery as directed by the Court.

**vi. <u>Computation of Each Category of Damages Claimed</u>**

Plaintiff's damages include, but are not limited to, physical injuries suffered during the course of her arrest, loss of liberty in connection with her arrest and detention, and related emotional distress.

Plaintiff seeks compensatory and punitive damages flowing from Defendants' violations of Plaintiff's rights under applicable federal, state, and municipal law, in amounts to be fixed by a jury.

**vii. <u>Status of Settlement Discussions and Whether the Parties Would Like a Settlement Conference</u>**

**Plaintiff's Statement:**

No settlement discussions have yet taken place. Plaintiff would like a settlement conference.

**Defendant City's Statement:**

Defendant City would be interested in a settlement conference once it has had an opportunity to investigate the allegations set forth in the complaint.

**Church Defendants' Statement:**

The Church Defendants are willing to engage in good-faith settlement discussions but request that Plaintiff first provide a settlement demand to facilitate meaningful negotiations. The Church Defendants remain open to a settlement conference following receipt and evaluation of Plaintiff's demand.

**viii. <u>Any Other Information the Parties Believe May Assist the Court</u>**

Counsel for Plaintiff and Defendants are meeting and conferring to come up with a proposed confidentiality stipulation agreeable to all parties. If the meet and confer process is unsuccessful, the parties will likely need the Court to resolve an application with competing proposals submitted by the parties.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com

Respectfully submitted,

GIDEON OLIVER
Attorney at Law
*Attorney for Plaintiff*
277 Broadway
Suite 1501
New York, NY 10007

By: ______________________
GIDEON OLIVER

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendants City and all NYPD Member Defendants*
100 Church Street
New York, NY 10007

By: ______________________
RANDY NANDLALL

REGINA YU
Cohen&Green, P.L.L.C.
*Attorneys for Plaintiff*
1639 Centre St. Suite 216
Ridgewood, NY 11385

By: ______________________
REGINA YU

Cameron Kamer
Wilson Elser Moskowitz Edelman & Dicker LLP
*Attorney for St. Patrick's Defendants*
1133 Westchester Avenue
White Plains, NY 10604

By: ______________________
CAMERON KAMER