UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X

JANET CLARKE,

Plaintiff,

- against -

THE CITY OF NEW YORK, NYPD OFFICER ARISMENDI D. PAULINO; NYPD MEMBERS JOHN DOES 1-8; TRUSTEES OF ST. PATRICK'S CATHEDRAL; ARCHDIOCESE OF NEW YORK; AND ST. PATRICK'S CATHEDRAL SECURITY OFFICER JOHN DOE 9 (the names John Does being fictitious, as the true names are presently unknown),

Defendants.
------------------------------------------------------------------- X

**ANSWER TO THE COMPLAINT BY DEFENDANTS**

1:26-CV-06391 (LGS)

**Jury Trial Demanded**

Defendants City of New York and Police Officer Arismendi D. Paulino ("defendants"), by their attorney Steven Banks, Corporation Counsel of the City of New York, for their Answer to the Complaint filed July 27, 2026, respectfully allege, upon information and belief, as follows:

1. Deny the allegations set forth in paragraph "1" of the Complaint except admit that Plaintiff purports to proceed as stated therein.
2. Deny the allegations set forth in paragraph "2" of the Complaint except admit that Plaintiff purports to invoke the jurisdiction of the Court as stated therein.
3. Deny the allegations set forth in paragraph "3" of the Complaint except admit that Plaintiff purports to base venue as stated therein.
4. Deny the allegations set forth in paragraph "4" of the Complaint, except admit that a document purporting to be a Notice of Claim was received by the New York City

Comptroller on October 28, 2025, and Plaintiff's state law claims accrued on July 27, 2025.

5. Deny the allegations set forth in paragraph "5" of the Complaint except admit that at least thirty days have elapsed since documents purporting to be a Notice of Claim were received by the Comptroller's Office, and further admit that, to date, this matter has not been resolved.

6. Admit the allegations set forth in paragraph "6" of the Complaint except state that to the extent paragraph "6" sets forth conclusions of law, no response is required.

7. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "7" of the Complaint.

8. Deny the allegations in paragraph "8" of the Complaint, except admit that the City of New York is a municipal corporation duly organized and existing under the laws of the State of New York and that it maintains a police department.

9. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "9" of the Complaint.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

11. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "11" of the Complaint.

12. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that Police Officer Arismendi D. Paulino arrested Plaintiff on July 27, 2025, and transported her to the Midtown North Precinct.
14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.
15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" and its subparts.
16. Deny the allegations set forth in paragraph "16" of the Complaint except admit that Plaintiff purports to sue each individual defendant in his or her official and individual capacities.
17. Deny the allegations set forth in paragraph "17" of the Complaint.
18. Deny the allegations set forth in paragraph "18"of the Complaint and further state that to the extent paragraph "18" sets forth conclusions of law, no response is required.
19. Deny the allegations set forth in paragraph "19"of the Complaint and further state that to the extent paragraph "19" sets forth conclusions of law, no response is required.
20. Paragraph "20" contains conclusions of law to which no response is required.
21. Deny the allegations set forth in paragraph "21" of the Complaint.
22. Deny the allegations set forth in paragraph "22" of the Complaint.
23. Deny the allegations set forth in paragraph "23" of the Complaint.
24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint, except admit that plaintiff was present inside St. Patrick's Cathedral around 11:15 a.m.

27. Deny the allegations set forth in paragraph "27" of the Complaint as it pertains to unidentified individuals.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint as it pertains to unidentified individuals.

30. Deny the allegations set forth in paragraph "30" of the Complaint except admit that on July 27, 2025 Defendant Paulino alone responded to a commotion where he saw Plaintiff.

31. Deny the allegations set forth in paragraph "31" of the Complaint except admit that on July 27, 2025 Defendant Paulino with the assistance of a security guard placed handcuffs on Plaintiff inside the entrance lobby of St. Patrick's Cathedral.

32. Deny the allegations set forth in paragraph "32" of the Complaint.

33. Deny the allegations set forth in paragraph "33" of the Complaint except admit that several officers who were called as back-up on July 27, 2025 arrived shortly after Plaintiff's arrest and handcuffing and then brought Plaintiff to a marked NYPD vehicle.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that

on July 27, 2026, Plaintiff was transported to the 18th Precinct for arrest processing.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint except admit that on July 27, 2026, Plaintiff did not want to be placed in a holding cell and so she sat instead on a bench outside the cell handcuffed to a railing until she was transported to Central Booking.

37. Deny the allegations set forth in paragraph "37" of the Complaint except admit that an officer at the 18th Precinct on July 27, 2025, offered to call an ambulance for Plaintiff which she refused.

38. Deny the allegations set forth in paragraph "38" of the Complaint except admit that during her arrest processing on July 27, 2025 at the 18th Precinct, Plaintiff requested to call her husband.

39. Deny the allegations set forth in paragraph "39" of the Complaint except admit that on July 27, 2025, at approximately 7:00 p.m., Plaintiff was transported to Central Booking.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint.

41. Deny the allegations set forth in paragraph "41" of the Complaint.

42. Deny the allegations set forth in paragraph "42" of the Complaint.

43. Deny the allegations set forth in paragraph "43" of the Complaint.

44. In response to the allegations set forth in paragraph "44" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs

of this answer, as if fully set forth herein.

45. Paragraph “45” of the Complaint is a recitation of an excerpt from New York City Administrative Code § 8-803 to which no response is required.

46. Paragraph “46” of the Complaint sets forth a legal conclusion to which no response is required.

47. Paragraph “47” of the Complaint sets forth a legal conclusion to which no response is required.

48. Deny the allegations set forth in paragraph “48” of the Complaint.

49. Deny the allegations set forth in paragraph “49” of the Complaint.

50. Deny the allegations set forth in paragraph “50” of the Complaint.

51. Deny the allegations set forth in paragraph “51” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

52. Deny the allegations set forth in paragraph “52” of the Complaint.

53. In response to the allegations set forth in paragraph “53” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

54. Deny the allegations set forth in paragraph “54” of the Complaint, except admit that Plaintiff was arrested on July 27, 2025.

55. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph “55” and further state to the extent that paragraph “55” sets forth a legal conclusion, no response is required.

56. Deny the allegations set forth in paragraph “56” of the Complaint.

57. Deny the allegations set forth in paragraph “57” of the Complaint.

58. Deny the allegations set forth in paragraph “58” of the Complaint.

59. In response to the allegations set forth in paragraph “59” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

60. Deny the allegations set forth in paragraph “60” of the Complaint.

61. Deny the allegations set forth in paragraph “61” of the Complaint.

62. Deny the allegations set forth in paragraph “62” of the Complaint.

63. Deny the allegations set forth in paragraph “63” of the Complaint.

64. Deny the allegations set forth in paragraph “64” of the Complaint.

65. Deny the allegations set forth in paragraph “65” of the Complaint.

66. In response to the allegations set forth in paragraph “66” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

67. Deny the allegations set forth in paragraph “67” of the Complaint.

68. Deny the allegations set forth in paragraph “68” of the Complaint.

69. Deny the allegations set forth in paragraph “69” of the Complaint.

70. In response to the allegations set forth in paragraph “70” of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

71. Paragraph "71" of the Complaint sets forth a legal conclusion to which no response is required.

72. Deny the allegations set forth in paragraph "72" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

73. Deny the allegations set forth in paragraph "73" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

76. Deny the allegations set forth in paragraph "76" of the Complaint.

77. In response to the allegations set forth in paragraph "77" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

78. Paragraph "78" of the Complaint sets forth a legal conclusion to which no response is required.

79. Deny the allegations set forth in paragraph "79" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. In response to the allegations set forth in paragraph "83" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint and its subparts.

86. In response to the allegations set forth in paragraph "86" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

87. Deny the allegations set forth in paragraph "87" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

88. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint insofar as it

contains averments of fact; insofar as it contains conclusions of law, no response is required.

92. Deny the allegations set forth in paragraph “92” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

93. Deny the allegations set forth in paragraph “93” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

94. Deny the allegations set forth in paragraph “94” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

95. Deny the allegations set forth in paragraph “95” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required; and Deny knowledge or information sufficient to form a belief as to the truth of the allegations regarding Defendant John Does.

96. Deny the allegations set forth in paragraph “96” of the Complaint.

97. Deny the allegations set forth in paragraph “97” of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

98. Paragraph “98” of the Complaint sets forth a legal conclusion to which no response is required.

99. Deny the allegations set forth in paragraph “99” of the Complaint.

100. In response to the allegations set forth in paragraph "100" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

101. Deny the allegations set forth in paragraph "101" of the Complaint insofar as it contains averments of fact; insofar as it contains conclusions of law, no response is required.

102. Deny the allegations set forth in paragraph "102" of the Complaint.

103. In response to the allegations set forth in paragraph "103" of the Complaint, Defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

104. Paragraph "104" of the Complaint sets forth a legal conclusion to which no response is required.

105. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint.

107. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "107" of the Complaint.

108. Deny the allegations set forth in paragraph "108" of the Complaint.

109. Deny the allegations set forth in paragraph "109" of the Complaint.

110. Paragraph "110" of the Complaint is a demand for trial by jury to which no response is required.

**AS AND FOR A FIRST DEFENSE / AFFIRMATIVE DEFENSE:**

111. The Complaint fails to state a claim upon which relief can be granted as, *inter alia*, there was probable cause for Plaintiff's arrest and detention on July 27, 2025 for trespassing at St. Patrick's Cathedral and because of the conclusory municipal liability allegations in the Complaint.

**AS AND FOR A SECOND DEFENSE / AFFIRMATIVE DEFENSE**

112. Defendant City has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof because there was probable cause for Plaintiff's arrest and detention on July 27, 2025 for trespassing at St. Patrick's Cathedral.

**AS AND FOR A THIRD DEFENSE / AFFIRMATIVE DEFENSE:**

113. At all times relevant to the acts alleged in the Complaint, the duties and functions of the individual Defendant Paulino entailed the reasonable exercise of proper and lawful discretion because he acted in response to Plaintiff trespassing at St. Patrick's Cathedral, disrupting religious services, and resisting arrest.

**AS AND FOR A FOURTH DEFENSE / AFFIRMATIVE DEFENSE**

114. At all times relevant to the acts alleged in the Complaint, the duties and functions of the City's officials entailed the reasonable exercise of proper and lawful discretion. Therefore, the City has governmental immunity from liability under state law.

**AS AND FOR A FIFTH DEFENSE / AFFIRMATIVE DEFENSE:**

115. Defendant Paulino has not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and therefore he is entitled to qualified immunity because his conduct in arresting Plaintiff on July 27, 2025 was objectively reasonable.

**AS AND FOR A SIXTH DEFENSE / AFFIRMATIVE DEFENSE**

116. To the extent that the Complaint alleges any claims under New York State law, such claims may be barred, in whole or in part, for failure to comply with New York General Municipal Law §§ 50-(e), *et. seq.* related to filing a timely notice of claim.

**AS AND FOR A SEVENTH DEFENSE / AFFIRMATIVE DEFENSE**

117. The force used was reasonable under the circumstances because of Plaintiff's behavior which led to her arrest on July 27, 2025.

**AS AND FOR AN EIGHTH DEFENSE / AFFIRMATIVE DEFENSE**

118. Any injury alleged to have been sustained resulted from Plaintiff's own culpable or negligent conduct, and/or the conduct of third parties, and was not the proximate result of any act of Defendants, or any of its agents, employees, or officials.

**AS AND FOR A NINTH DEFENSE / AFFIRMATIVE DEFENSE:**

119. Punitive damages cannot be assessed against the City of New York because it is a political subdivision of the State and it is immune from such damages.

**WHEREFORE,** Defendants City of New York and Police Officer Arismendi D. Paulino request judgment dismissing the Complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
November 9, 2026

STEVEN BANKS
Corporation Counsel of the City of New York
*Attorney for Defendants City and Paulino*
100 Church Street
New York, New York 10007
(212) 356-2356

By: /s/ Randy Nandlall
Randy Nandlall
Assistant Corporation Counsel
Special Federal Litigation Division
New York City Law Department

cc: **VIA ECF**
All attorneys of record