**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

----------------------------------------------------------------------x

JANET CLARKE,

Plaintiff,

- against -

THE CITY OF NEW YORK; NYPD OFFICER ARISMENDI D. PAULINO; NYPD MEMBERS JOHN DOES 1-8; TRUSTEES OF ST. PATRICK'S CATHEDRAL; ARCHDIOCESE OF NEW YORK; AND ST. PATRICK'S CATHEDRAL SECURITY OFFICER JOHN DOE 9,

Defendants.

----------------------------------------------------------------------x

Civil Action No.: 1:26-cv-06391-LGS

**TRUSTEES OF ST. PATRICK'S CATHEDRAL AND ARCHDIOCESE OF NEW YORK'S ANSWER TO PLAINTIFF'S COMPLAINT**

Defendants, TRUSTEES OF ST. PATRICK'S CATHEDRAL and ARCHDIOCESE OF NEW YORK (hereinafter collectively the "Church Defendants"), by their attorneys WILSON, ELSER, MOSKOWITZ, EDELMAN & DICKER LLP, as and for their Answer to the allegations made in Plaintiff JANET CLARKE's (hereinafter "Plaintiff") Complaint filed July 27, 2026, upon information and belief, respond as follows:

## JURISDICTION AND VENUE

1. The Church Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph designated “1” of the Complaint, except admit only that Plaintiff purports to commence this action as set forth therein, and respectfully refer all questions of law to this Honorable Court.

2. The Church Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs designated "2" of the Complaint,

except admit only that Plaintiff purports to invoke the jurisdiction of this Court as stated therein, and refer any questions of law to this Honorable Court.

3. The Church Defendants deny knowledge or information sufficient to form a belief as to the truth of each and every allegation set forth in paragraphs designated "3" of the Complaint, except admit only that Plaintiff purports to lay venue in this District as stated therein, admit that St. Patrick's Cathedral is located in the County of New York, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "3" of the Complaint, and refer any questions of law to this Honorable Court.

## GENERAL MUNICIPAL LAW COMPLIANCE

4. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "4" of the Complaint, and refer any questions of law to this Honorable Court.

5. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "5" of the Complaint, and refer any questions of law to this Honorable Court.

6. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "6" of the Complaint, and refer any questions of law to this Honorable Court.

## PARTIES

7. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "7" of the Complaint.

8. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "8" of the Complaint, and refer any questions of law to this Honorable Court.

9. The Church Defendants deny each and every allegation set forth in paragraphs designated "9" of the Complaint, except admit only that defendant Trustees of St. Patrick's Cathedral is a religious corporation organized and existing under the laws of the State of New York, and refer any questions of law to this Honorable Court.

10. The Church Defendants deny each and every allegation set forth in paragraphs designated "10" of the Complaint, except admit only that the Archdiocese of New York is a religious entity organized and existing under the laws of the State of New York, and refer any questions of law to this Honorable Court.

11. The Church Defendants deny each and every allegation set forth in paragraphs designated "11" of the Complaint, except admit only that St. Patrick's Cathedral is located on Fifth Avenue between 50th and 51st Streets, New York, New York 10022, and refer any questions of law to this Honorable Court.

12. The Church Defendants deny each and every allegation contained in paragraph designated “12” of the Complaint, except admit only that Defendant Trustees of St. Patrick's Cathedral employs personnel to provide security services at St. Patrick's Cathedral, and otherwise deny the remaining allegations, including any allegations concerning the conduct, negligence, wrongdoing, or liability of the individual identified in the Complaint as “Doe 9.”

13. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "13" of the Complaint.

14. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "14" of the Complaint.

15. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "15" of the Complaint, including subparagraphs "a," "a(i)," "a(ii)," and "b" thereof, except admit only that defendant Trustees of St. Patrick's Cathedral employs personnel to provide security services at St. Patrick's Cathedral.

16. The Church Defendants deny each and every allegation set forth in paragraphs designated "16" of the Complaint, except admit only that Plaintiff purports to sue the individual defendants as stated therein, and refer any questions of law to this Honorable Court.

17. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "17" of the Complaint, and refer any questions of law to this Honorable Court.

18. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "18" of the Complaint, and refer any questions of law to this Honorable Court.

19. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "19" of the Complaint, and refer any questions of law to this Honorable Court.

20. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "20" of the Complaint, and refer any questions of law to this Honorable Court.

21. The Church Defendants deny each and every allegation set forth in paragraphs designated "21" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "21" of the Complaint, and refer any questions of law to this Honorable Court.

22. The Church Defendants deny each and every allegation set forth in paragraphs designated "22" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "22" of the Complaint, and refer any questions of law to this Honorable Court.

23. The Church Defendants deny each and every allegation set forth in paragraphs designated "23" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "23" of the Complaint, and refer any questions of law to this Honorable Court.

## STATEMENT OF FACTS

24. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "24" of the Complaint.

25. The Church Defendants deny each and every allegation set forth in paragraphs designated "25" of the Complaint, except admit only that St. Patrick's Cathedral is located on Fifth Avenue between 50th and 51st Streets in Manhattan, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs

designated "25" of the Complaint including Plaintiff's presence, purpose, and the characterizations set forth therein.

26. The Church Defendants deny each and every allegation set forth in paragraph designated “26” of the Complaint, except admit only that on or about July 27, 2025, Plaintiff was recording a disruption to a religious ceremony taking place inside St. Patrick’s Cathedral, and otherwise deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained therein.

27. The Church Defendants deny each and every allegation set forth in paragraphs designated "27" of the Complaint, and deny any knowledge or information thereof sufficient to form a belief as to the identity of the individual referred to in the Complaint as "Doe 9."

28. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "28" of the Complaint.

29. The Church Defendants deny each and every allegation set forth in paragraphs designated "29" of the Complaint, and deny any knowledge or information thereof sufficient to form a belief as to the identity of the individual referred to in the Complaint as "Doe 9."

30. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "30" of the Complaint.

31. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "31" of the Complaint.

32. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "32" of the Complaint.

33. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "33" of the Complaint.

34. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "34" of the Complaint.

35. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "35" of the Complaint.

36. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "36" of the Complaint.

37. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "37" of the Complaint.

38. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "38" of the Complaint.

39. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "39" of the Complaint.

40. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "40" of the Complaint.

41. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "41" of the Complaint.

42. The Church Defendants deny each and every allegation set forth in paragraphs designated "42" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the

allegations set forth in paragraphs designated "42" of the Complaint, and refer any questions of law to this Honorable Court.

43. The Church Defendants deny each and every allegation set forth in paragraphs designated "43" of the Complaint insofar as they are directed at the Church Defendants or at the individual referred to as "Doe 9," and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "43" of the Complaint, including as to the nature, extent, and treatment of Plaintiff's alleged injuries.

**AS FOR THE FIRST CLAIM FOR RELIEF (N.Y.C. ADMIN. CODE §§ 8-801 ET SEQ.)**

44. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

45. The allegations contained in paragraph "45" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "45" of the Complaint, and refer any questions of law to this Honorable Court.

46. The allegations contained in paragraph "46" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "46" of the Complaint, and refer any questions of law to this Honorable Court.

47. The allegations contained in paragraph "47" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed

required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "47" of the Complaint, and refer any questions of law to this Honorable Court.

48. The allegations contained in paragraph "48" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "48" of the Complaint, and refer any questions of law to this Honorable Court.

49. The Church Defendants deny each and every allegation set forth in paragraphs designated "49" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "49" of the Complaint, and refer any questions of law to this Honorable Court.

50. The Church Defendants deny each and every allegation set forth in paragraphs designated "50" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "50" of the Complaint, and refer any questions of law to this Honorable Court.

51. The allegations contained in paragraph "51" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief

belief as to the allegations set forth in paragraphs designated "51" of the Complaint, and refer any questions of law to this Honorable Court.

52. The Church Defendants deny each and every allegation set forth in paragraphs designated "52" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "52" of the Complaint, and refer any questions of law to this Honorable Court.

**AS FOR THE SECOND CLAIM FOR RELIEF (UNLAWFUL SEIZURE / FALSE ARREST)**

53. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

54. The allegations contained in paragraph "54" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "54" of the Complaint, and refer any questions of law to this Honorable Court.

55. The allegations contained in paragraph "55" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "55" of the Complaint, and refer any questions of law to this Honorable Court.

56. The allegations contained in paragraph "56" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed

required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "56" of the Complaint, and refer any questions of law to this Honorable Court.

57. The allegations contained in paragraph designated “57” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

58. The allegations contained in paragraph designated “58” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

**AS FOR THE THIRD CLAIM FOR RELIEF (EXCESSIVE FORCE)**

59. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

60. The allegations contained in paragraph "60" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "60" of the Complaint, and refer any questions of law to this Honorable Court.

61. The allegations contained in paragraph "61" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a

belief as to the allegations set forth in paragraphs designated "61" of the Complaint, and refer any questions of law to this Honorable Court.

62. The allegations contained in paragraph "62" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "62" of the Complaint, and refer any questions of law to this Honorable Court.

63. The allegations contained in paragraph "63" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "63" of the Complaint, and refer any questions of law to this Honorable Court.

64. The allegations contained in paragraph designated “64” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

65. The allegations contained in paragraph designated “65” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

**AS FOR THE FOURTH CLAIM FOR RELIEF (DUE PROCESS)**

66. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

67. The allegations contained in paragraph "67" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "67" of the Complaint, and refer any questions of law to this Honorable Court.

68. The allegations contained in paragraph designated “68” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

69. The allegations contained in paragraph designated “69” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

**AS FOR THE FIFTH CLAIM FOR RELIEF (N.Y.C. ADMIN. CODE § 8-802)**

70. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

71. The allegations contained in paragraph "71" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed

required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "71" of the Complaint, and refer any questions of law to this Honorable Court.

72. The allegations contained in paragraph "72" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "72" of the Complaint, and refer any questions of law to this Honorable Court.

73. The allegations contained in paragraph "73" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "73" of the Complaint, and refer any questions of law to this Honorable Court.

74. The allegations contained in paragraph "74" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "74" of the Complaint, and refer any questions of law to this Honorable Court.

75. The allegations contained in paragraph "75" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a

belief as to the allegations set forth in paragraphs designated "75" of the Complaint, and refer any questions of law to this Honorable Court.

76. The allegations contained in paragraph designated “76” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

**AS FOR THE SIXTH CLAIM FOR RELIEF (FAILURE TO INTERVENE)**

77. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

78. The allegations contained in paragraph "78" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "78" of the Complaint, and refer any questions of law to this Honorable Court.

79. The allegations contained in paragraph "79" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "79" of the Complaint, and refer any questions of law to this Honorable Court.

80. The allegations contained in paragraph "80" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a

belief as to the allegations set forth in paragraphs designated "80" of the Complaint, and refer any questions of law to this Honorable Court.

81. The allegations contained in paragraph "81" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "81" of the Complaint, and refer any questions of law to this Honorable Court.

82. The allegations contained in paragraph designated “82” of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny each and every allegation contained therein and respectfully refer all questions of law to this Honorable Court.

**AS FOR THE SEVENTH CLAIM FOR RELIEF (MUNICIPAL LIABILITY)**

83. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

84. The allegations contained in paragraph "84" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "84" of the Complaint, and refer any questions of law to this Honorable Court.

85. The allegations contained in paragraph "85" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a

belief as to the allegations set forth in paragraphs designated "85" of the Complaint, and refer any questions of law to this Honorable Court.

**AS FOR THE EIGHTH CLAIM FOR RELIEF (NEW YORK STATE LAW)**

86. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

87. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "87" of the Complaint, and refer any questions of law to this Honorable Court.

88. The Church Defendants deny each and every allegation set forth in paragraph designated "88" of the Complaint, except admit only that Defendant Trustees of St. Patrick's Cathedral employs security personnel to maintain order, prevent disruptions to religious services and ceremonies, and ensure the safety and security of individuals and property within St. Patrick's Cathedral, and otherwise deny each and every remaining allegation contained therein and respectfully refer all questions of law to this Honorable Court.

89. The Church Defendants deny each and every allegation set forth in paragraphs designated "89" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "89" of the Complaint, and refer any questions of law to this Honorable Court.

90. The Church Defendants deny each and every allegation set forth in paragraphs designated "90" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the

allegations set forth in paragraphs designated "90" of the Complaint, and refer any questions of law to this Honorable Court.

## VIOLATIONS OF THE NEW YORK STATE CONSTITUTION

91. The allegations contained in paragraph "91" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "91" of the Complaint, and refer any questions of law to this Honorable Court.

92. The allegations contained in paragraph "92" of the Complaint are not directed at the Church Defendants and, therefore, no response is required. To the extent a response is deemed required, the Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "92" of the Complaint, and refer any questions of law to this Honorable Court.

## ASSAULT

93. The Church Defendants deny each and every allegation set forth in paragraphs designated "93" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "93" of the Complaint, and refer any questions of law to this Honorable Court.

94. The Church Defendants deny each and every allegation set forth in paragraphs designated "94" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the

allegations set forth in paragraphs designated "94" of the Complaint, and refer any questions of law to this Honorable Court.

**BATTERY**

95. The Church Defendants deny each and every allegation set forth in paragraphs designated "95" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "95" of the Complaint, and refer any questions of law to this Honorable Court.

96. The Church Defendants deny each and every allegation set forth in paragraphs designated "96" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "96" of the Complaint, and refer any questions of law to this Honorable Court.

**FALSE IMPRISONMENT AND UNREASONABLE DETENTION**

97. The Church Defendants deny each and every allegation set forth in paragraphs designated "97" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "97" of the Complaint, and refer any questions of law to this Honorable Court.

98. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "98" of the Complaint.

99. The Church Defendants deny each and every allegation set forth in paragraphs designated "99" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "99" of the Complaint, and refer any questions of law to this Honorable Court.

## INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

100. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

101. The Church Defendants deny each and every allegation set forth in paragraphs designated "101" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "101" of the Complaint, and refer any questions of law to this Honorable Court.

102. The Church Defendants deny each and every allegation set forth in paragraphs designated "102" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "102" of the Complaint, and refer any questions of law to this Honorable Court.

## NEGLIGENCE

103. The Church Defendants repeat each and every response to the allegations of the preceding paragraphs as if set forth more fully herein.

104. The Church Defendants deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "104" of the Complaint, and refer any questions of law to this Honorable Court.

105. The Church Defendants deny each and every allegation set forth in paragraphs designated "105" of the Complaint, except admit that defendant Trustees of St. Patrick's Cathedral trains and supervises its security personnel, and refer any questions of law to this Honorable Court.

106. The Church Defendants deny each and every allegation set forth in paragraphs designated "106" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "106" of the Complaint, and refer any questions of law to this Honorable Court.

107. The Church Defendants deny each and every allegation set forth in paragraphs designated "107" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "107" of the Complaint, and refer any questions of law to this Honorable Court.

108. The Church Defendants deny each and every allegation set forth in paragraphs designated "108" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "108" of the Complaint, and refer any questions of law to this Honorable Court.

109. The Church Defendants deny each and every allegation set forth in paragraphs designated "109" of the Complaint insofar as they are directed at the Church Defendants, and otherwise deny any knowledge or information thereof sufficient to form a belief as to the allegations set forth in paragraphs designated "109" of the Complaint, and refer any questions of law to this Honorable Court.

**DEMAND FOR A JURY TRIAL**

110. Paragraph "110" of the Complaint sets forth Plaintiff's demand for a jury trial, to which no response is required. To the extent a response is deemed required, the Church Defendants deny the allegations contained therein, and refer any questions of law to this Honorable Court.

**DEMAND FOR JUDGMENT**

111. The Church Defendants deny that Plaintiff is entitled to any of the relief demanded in paragraph designated "111" of the Complaint, and respond to its subparagraphs as follows:

a. The Church Defendants deny that Plaintiff is entitled to the relief requested in this subparagraph.

b. The Church Defendants deny that Plaintiff is entitled to the relief requested in this subparagraph.

c. The Church Defendants deny that Plaintiff is entitled to the relief requested in this subparagraph.

d. The Church Defendants deny that Plaintiff is entitled to the relief requested in this subparagraph.

e. The Church Defendants deny that Plaintiff is entitled to the relief requested in this subparagraph.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted as against the Church Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

The Church Defendants are private parties that did not act under color of state law, and are not "covered individuals" or employers of "covered individuals" within the meaning of N.Y.C. Admin. Code §§ 8-801 et seq.; accordingly, no federal constitutional, New York State constitutional, or Administrative Code claim lies against them.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were caused, in whole or in part, by Plaintiff's own culpable conduct, including contributory negligence and/or assumption of risk, and any recovery must be diminished in the proportion that such culpable conduct bears to the culpable conduct that caused the damages, pursuant to CPLR 1411.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

Any injuries or damages allegedly sustained by Plaintiff were caused, in whole or in part, by the acts or omissions of third parties over whom the Church Defendants had no control and for whom they are not responsible, including co-defendants, which acts or omissions constitute intervening and superseding causes.

## AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

Any force used by any employee or agent of the Church Defendants was reasonable, justified, privileged, and necessary under the circumstances, including to protect persons and

property, to maintain order on private premises, and to prevent the disruption of a religious service, including as permitted by Article 35 of the New York Penal Law.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

To the extent any individual engaged in the conduct alleged, such conduct was outside the scope of that individual's employment or agency with the Church Defendants, and the Church Defendants are not vicariously liable therefor.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff's claims, or portions thereof, are barred by the applicable statutes of limitations, including CPLR 215(3).

**AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff's negligence claim is barred because the Complaint alleges intentional conduct, and a negligence claim may not be predicated upon allegations of intentional contact.

**AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

Plaintiff failed to mitigate her alleged damages.

**AS AND FOR A TENTH AFFIRMATIVE DEFENSE**

Punitive damages are not recoverable against the Church Defendants, including on a theory of vicarious liability, and the Complaint fails to allege facts sufficient to support an award of punitive damages.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

In the event of any recovery, the Church Defendants' liability, if any, for non-economic loss shall be limited to their equitable share pursuant to CPLR Article 16.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

Any recovery shall be reduced by amounts paid or payable from collateral sources pursuant, and by the amount of any settlement with any other tortfeasor pursuant to N.Y. General Obligations Law § 15-108.

## AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

The Archdiocese of New York is not a proper party to this action, did not own, operate, manage, or control St. Patrick's Cathedral or employ the individual referred to as "Doe 9," and owed no duty to Plaintiff.

## AS AND FOR A FOURTEEN AFFIRMATIVE DEFENSE

The Church Defendants reserve the right to amend these defenses pursuant to Federal Rule of Civil Procedure 15 as discovery proceeds.

**AS AND FOR A FIRST CROSS-CLAIM (CONTRIBUTION AND APPORTIONMENT)**

1. If Plaintiff sustained the injuries or damages alleged in the Complaint, which the Church Defendants expressly deny, such injuries or damages were caused, in whole or in part, by the culpable acts or omissions of the City Defendants, including their agents, servants, and employees, and not by any negligence, wrongdoing, or culpable conduct of the Church Defendants.

2. To the extent the Church Defendants are found liable to Plaintiff, they are entitled to contribution from the City Defendants pursuant to CPLR Article 14, including CPLR §§ 1401 and 1402, in an amount determined according to the parties' respective degrees of culpability, together with such apportionment and limitations on liability as may be available under CPLR Article 16.

3. Accordingly, the Church Defendants demand judgment over and against the City Defendants for contribution in such amount as may be determined at trial, together with costs, disbursements, and such other relief as the Court deems just and proper.

**AS AND FOR A SECOND CROSS-CLAIM (COMMON-LAW INDEMNIFICATION)**

5. If Plaintiff sustained the injuries or damages alleged in the Complaint, which the Church Defendants expressly deny, and if any liability is imposed upon the Church Defendants solely by operation of law, without any active negligence, wrongdoing, or culpable conduct on their part, such liability would be vicarious or derivative of the acts or omissions of the City Defendants.

6. To the extent the Church Defendants are held liable solely by operation of law for conduct attributable to the City Defendants, without any independent fault on the part of the Church

Defendants, the Church Defendants are entitled to full common-law indemnification from the City Defendants.

7. Accordingly, the Church Defendants demand judgment over and against the City Defendants for the full amount of any judgment entered against the Church Defendants for which common-law indemnification is available, together with recoverable attorneys' fees, costs, disbursements, and such other relief as the Court deems just and proper.

**AS AND FOR A FIRST COUNTERCLAIM AGAINST PLAINTIFF JANET CLARKE**
**(TRESPASS TO REAL PROPERTY)**

1. At all relevant times, Defendant Trustees of St. Patrick's Cathedral owned, possessed, operated, and controlled St. Patrick's Cathedral, located in New York, New York (the "Cathedral").

2. On July 27, 2025, Plaintiff entered the Cathedral during a religious ceremony and, upon being directed by authorized Cathedral security personnel to leave, knowingly and intentionally refused to do so, thereby remaining upon the premises without permission or lawful authority, in contravention of the principles reflected in N.Y. Penal Law §§ 140.00(5) and 140.05.

3. As a direct and proximate result of Plaintiff's unauthorized presence, the Trustees sustained an invasion of their possessory rights and are entitled to nominal damages and any compensatory damages established at trial.

**AS AND FOR A SECOND COUNTERCLAIM AGAINST PLAINTIFF JANET CLARKE**
**(Private Nuisance – Interference with Religious Worship)**

4. On July 27, 2025, Plaintiff intentionally engaged in conduct that substantially and unreasonably interfered with the Trustees' use and enjoyment of the Cathedral during a lawfully assembled religious ceremony, including by refusing to comply with lawful directions to leave the premises and physically interfering with a Cathedral security officer, identified in the Complaint as John Doe 9, by grabbing his necktie while he was performing his duties.

5. Plaintiff's conduct interfered with the orderly continuation of religious worship and is of the nature addressed by N.Y. Penal Law § 240.21, which prohibits certain intentional or reckless disturbances of lawfully assembled religious services.

6. Plaintiff's intentional and unreasonable interference with the Trustees' use and enjoyment of the Cathedral constituted a private nuisance under common law, causing damages in an amount to be determined at trial.

**WHEREFORE**, the Church Defendants demand judgment against Plaintiff Janet Clarke on their counterclaims for compensatory damages in an amount to be determined at trial, nominal damages where available, costs and disbursements as permitted by law, and such other and further relief as this Honorable Court deems just and proper.

**DEMAND FOR JURY TRIAL**

The Church Defendants hereby demand a trial by jury on all issues so triable pursuant to Rule 38 of the Federal Rules of Civil Procedure.

**WHEREFORE**, Defendants TRUSTEES OF ST. PATRICK'S CATHEDRAL and ARCHDIOCESE OF NEW YORK demand judgment dismissing Plaintiff's Complaint, together with the costs, disbursements and attorneys' fees of this action.

Dated: White Plains, New York
November 9, 2026

By: ______________________________
Cameron F. Kamer, Esq.
WILSON ELSER MOSKOWITZ EDELMAN & DICKER, LLP
*Attorneys for Defendants*
**TRUSTEES OF ST. PATRICK'S CATHEDRAL and ARCHDIOCESE OF NEW YORK**
1133 Westchester Ave
White Plains, New York 10604
(914) 323-7000

TO: **VIA EMAIL & USPS**

Regina Yu, Esq.
COHEN & GREEN P.L.L.C.
*Attorneys for Plaintiff*
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888-9480

Randy Nandlall
Assistant Corporation Counsel
*Attorneys for City Defendants*
100 Church Street

New York, New York 10007
(212) 356-2356